THE PEOPLE ex rel. HENRY SLIKER and others, *v.* DENIS
A. HOVEY.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1871.)

Before the expiration of his lease, a tenant abandoned the demised premises, and possession thereof was taken without his privity or consent by another.—*Held*, that no such relation of landlord and tenant arose from the occupancy of the latter, between him and the lessor, as authorized a removal for holding over after the term of the lease, by summary proceedings under the statute.

And that a declaration to the lessor, made by the intruder at the time of taking possession, that he did so under the tenant, could not create the relation of landlord and tenant between them.

By amendment to the Revised Statutes (chap. 684, Laws of 1857, § 2), the matters in controversy in such proceedings may be tried by the magistrate without a jury.

THE proceedings in this case were brought before the court by certiorari to the county judge of Erie county.

It appeared that they were commenced by the defendant against the relators, Sliker and Hill, claiming to remove them from premises in Buffalo, under article two, chapter eight, part three, of the Revised Statutes, entitled "summary proceedings to recover possession of land." The facts are stated in the opinion of the court.

*Humphrey & Lockwood*, for the defendant.

*R. & P. D. K. Saunders*, for the relators.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. Mr. Hovey leased certain premises in the city of Buffalo to the relator, Sliker, for six months from the 1st November, 1869. On the 25th April, 1870, Sliker removed from said premises, and, as Hovey contends, Hill moved in as tenant under Sliker for the remaining five days of the term; but, as Hill claims, the relator, Miller, moved in under a lease

from one Simeon D. Rockwell, and that Hill lived with him as a boarder.

Hovey acquired his interest in the premises through a purchase at a receiver's sale on a judgment in his favor against said Hill.

Rockwell acquired his interest in the said premises under a declaration in the nature of a conveyance executed by the mayor of the city of Buffalo to Samuel G. Bailey on a purchase by him at a sale pursuant to the charter of said city for unpaid taxes assessed on said premises.

The purchase was for a term of fifty years, and was made in March, 1856. The declaration was assigned by Bailey to Rockwell.

Hovey presented an affidavit to the county judge of Erie county, in conformity to the statute relating to the removal of tenants holding over after the expiration of their terms. A summons was issued by said county judge and served upon the relators. They appeared and put in affidavits denying that they were in possession as tenants under Hovey, and other matters contained in said Hovey's affidavit.

A jury trial being waived, the judge proceeded to try the matters in issue between the parties.

Hovey proved his title to the premises, as above set forth, and his letting to Sliker. In order to show that Hill and Miller were in possession as his tenants, he proved that Sliker commenced moving from the premises about seven o'clock in the evening of the 25th April; that it took him some four hours to remove his goods; that, the same evening, Hill employed cartmen to carry goods belonging to him from a store in the city to the premises. After waiting a considerable time, they got to the house after Sliker's property had been taken out. Hovey forbade Hill to put his goods into the house, but, upon Hill's saying that he was going in under Sliker's lease, he abandoned further opposition, and Hill put in his goods. Other persons were present and heard Hill say he entered under Sliker, or that he entered under some person whose name was not heard.

Sliker testified that he had no knowledge that Hill or Miller was going into possession of said premises. He denied that he consented that either should enter. He says the reason why he moved in the evening was that his sons and himself were mechanics, and did not wish to lose a day in moving.

Hill denies that he entered under or by consent of Sliker, or that he ever said to Hovey that he so entered. He says that Miller entered under the lease from Rockwell, and he (Hill) as a boarder of Miller.

Miller testifies to his entry under the Rockwell lease, and that Hill boarded with him; and he denies that he entered under or by consent of Sliker.

It cannot be pretended that the testimony on the part of the relators furnishes any evidence of a combination between them to get into possession, in fraud of the rights of Hovey. All the evidence on the subject in the case is what may be inferred from the entry of Hill or Miller immediately after the removal of Sliker, the lateness of the hour and the manner in which Hill acted in reference to the removal of his goods from the place of storage.

I am unable to find in the case any evidence of a conspiracy or combination amongst the relators to prevent Hovey from obtaining possession of the premises on the removal of his tenant.

Hovey had no right of possession until the expiration of Sliker's lease. Miller did not enter under him, under any letting express or implied.

The question, then, comes to this: Did the statement of Hill, if made to Hovey, that he entered under Sliker, or under Sliker's lease, make him the tenant of Hovey? I must assume that Hill stated to Hovey as he (Hovey) said he did. While Sliker's lease was in force, Hovey could not let the premises. Whoever entered must, therefore, enter as the tenant of Sliker; and, surely, Hill could not be the tenant of Sliker without either the knowledge or consent of Sliker. Hill, if he entered, might be liable to Sliker for damages for the unlaw-

The People *v.* Hovey.

ful entry, for the value of the use; but the relation of land-lord and tenant would not be thereby created.

No rule of law is better settled than that the relation of landlord and tenant must be proved to exist between the person seeking to remove another who is in possession from premises by summary proceedings under 3 Revised Statutes (5th ed.), p. 836, vol. 3, § 28. How that relation must be created is thus stated in *Benjamin* v. *Benjamin* (5 N. Y., 388): The relation of landlord and tenant can only arise when one in possession has, by some act or agreement, recognized the other as lessor or landlord, and taken upon himself the character of tenant under him, so that he is not at liberty to dispute the landlord's title.

Had Hill or Miller entered under Sliker, they could be removed under the statute as his (Sliker's) under-tenants or lessees. But, as no such relation existed between them, the relation of landlord and tenant did not exist between them, or either of them, and Hovey.

If there was evidence justifying the inference that Hill entered by the consent of Sliker, he (Hill) would be the under-tenant of Sliker, and liable to removal as such. But I am unable to find any evidence of such consent.

By 2 Revised Statutes (5th ed., vol. 3), p. 837, § 34, the issues formed by the affidavits in these summary proceedings may be tried by the officer before whom they are pending, unless a trial by jury is demanded, and the expense of procuring the same paid.

When the case of *Benjamin* v. *Benjamin* (*supra*) was decided, the statute did not permit the officer to try the issues; they must be tried by a jury.

The order of the county judge, that the occupants of the said premises be removed, must be reversed, without costs, and the possession be restored to said Miller.

Judgment reversed.